UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIXTO SALCIDO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>G. UGWEZE,<br><br>　　　　　Respondent. | No.  1:25-cv-01109-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION**<br><br>**[21-DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.  He filed a first amended petition on September 22, 2025. (Doc. 5.) The petition does not challenge the underlying conviction, and instead presents claims regarding the conditions of his confinement. For this reason, the Court will recommend it be DISMISSED.

**DISCUSSION**

A.　Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1

1 dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B. Civil Rights Claims

Petitioner does not challenge his conviction. He instead contends that medical staff are discriminating against him by failing to prescribe medication that are prescribed to other inmates. (Doc. 5 at 3.) He asks that medical staff be directed to provide him with the medication Gabapentin, which had been prescribed him and which he has not received for the past 19 years. (Doc. 5 at 3.)

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Petitioner's civil rights claims are not cognizable in a federal habeas action and must be dismissed. Petitioner must seek relief for his complaints by way of a civil rights action.

In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983. However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Id. Here, the Court does not find recharacterization to be appropriate.

Petitioner does not name the proper defendants and the claims are not amenable to conversion on their face. The filing fee is also substantially different in a civil rights action. Petitioner was authorized to proceed *in forma pauperis* in this action; therefore, the filing fee of $5.00 was waived. On the other hand, the filing fee for a civil rights action is $405 -- $350 of which is required by 28 U.S.C. § 1914(a) and a $55 administrative fee per 28 U.S.C. § 1914, note 14. A party who cannot afford to pay that amount in a lump sum, may apply for *in forma*

*pauperis* status under 28 U.S.C. § 1915. However, *in forma pauperis* status does not waive the civil action filing fee for incarcerated plaintiffs; it instead allows an incarcerated plaintiff to make payments on the filing fee until it is paid in full. Accordingly, the Court should not exercise its discretion to recharacterize the action.

Based on the foregoing, the Court will recommend that the action be dismissed, and the Clerk of Court be directed to send Petitioner a blank civil rights complaint.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED, and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of

Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **September 24, 2025**              /s/ *Sheila K. Oberto*              
                                                                   UNITED STATES MAGISTRATE JUDGE