**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIXTO SALCIDO, | Case No. 1:25-cv-01109 KES SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| G. UGWEZE, | ORDER DIRECTING CLERK OF COURT TO PROVIDE PETITIONER A BLANK CIVIL RIGHTS COMPLAINT FORM AND CLOSE THIS CASE |
| Respondent. | |
| | (Doc. 8) |

Sixto Salcido is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that CDCR doctors are discriminating against him and not providing needed medication. *See generally* Doc. 5. The magistrate judge performed a preliminary review and observed that Salcido "does not challenge his conviction." Doc. 8 at 2. The magistrate judge found that Salcido raised claims concerning conditions of confinement, which "are not cognizable in a federal habeas action." *Id.* The magistrate judge also determined that such claims must be brought in a civil rights action. *Id.* Therefore, the magistrate judge recommended the court dismiss the petition and provide Salcido the civil rights complaint form. *Id.* at 3.

While Salcido filed timely objections to the findings and recommendations, he appears to recognize that he filed the "wrong forms" by filing his claims as a habeas petition. *See* Doc. 9.

1

Salcido also appears to indicate that he subsequently filed a section 1983 complaint asserting his claims: "On Oct/4/2025 I submit a 1983 form in the Law Library to the Staff as this Court ask me." Doc. 9 at 2.[1] Salcido does not dispute the findings of the magistrate judge that in the present habeas action he does not seek to challenge his conviction, or that he fails to state a cognizable *habeas* claim.

In accordance with 28 U.S.C. § 636 (b)(1), the court conducted a de novo review of this habeas action. Having carefully reviewed the file, including the objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

The court also finds a certificate of appealability should not issue in this action. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. In the present case, reasonable jurists would not find the court's determination that the petition should be dismissed debatable, wrong, or deserving of encouragement. Salcido does not make the required substantial showing of the denial of a constitutional right that is cognizable on a habeas petition.

///

///

///

///

///

---

[1] The Court's docket reflects that on October 6, 2025, a complaint by Salcido alleging section 1983 claims was docketed as a new action. *See* Case No. 1:25-cv-01312 EPG.

2

Accordingly, the court **ORDERS**:

1.    The findings and recommendations issued on September 24, 2025, Doc. 8, are **ADOPTED** in full.

2.    The petition for writ of habeas corpus is **DISMISSED** without prejudice to raising such claims in a civil rights action filed under 42 U.S.C. § 1983.

3.    The Clerk of Court is directed to mail Petitioner a blank civil rights complaint form and close the case.  (To the extent that Petitioner has already asserted all his claims in his civil rights complaint in Case No. 1:25-cv-01312 EPG, he need not file a new, duplicate complaint.)

4.    The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   February 11, 2026

UNITED STATES DISTRICT JUDGE

3